# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00691-CR

**Michael Lynn Stewart, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 52,174, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury convicted appellant of aggravated robbery. *See* Tex. Pen. Code Ann. ' 29.03 (West 1994). The district court sentenced appellant to thirty-five years in prison. In two issues, appellant challenges the factual sufficiency of the evidence to support his conviction and the district court=s granting of the State=s first motion for continuance. Because both challenges are without merit, we affirm the district court=s judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

During the early morning hours of October 14, 2000, appellant, armed with an automatic pistol, entered a 7-Eleven convenience store. Upon entering the store, appellant told two customers, Barbara Herman and her friend, Derrell Gills, to leave the store. Appellant then proceeded to the cashier=s counter, pulled out his gun, and ordered the store clerk, Forrest Price, to give appellant all the money in the

cash register.  Appellant then exited the store with the money.  Once outside the store, appellant again encountered Herman, who had not yet left the premises.  Herman testified at trial that as appellant was leaving the store, he turned toward her and said, AIt wasn=t nothing personal.  It had nothing to do with you all.@ Herman and Price testified at trial to the events they witnessed and positively identified appellant as the man who robbed the 7-Eleven.

Another witness, Diane Seale, testified that prior to robbing the store, appellant approached her while she was sitting in her vehicle awaiting the arrival of a friend.  Seale told the jury that she first noticed appellant in her rearview mirror; she then saw him proceed to the side of her vehicle where he attempted to open the driver=s door.  When appellant discovered Seale=s doors were locked, he reached in through the open window, placed the gun against her head, and ordered her out of the vehicle.  Seale started the vehicle, Athrew it in drive and stepped on the gas.@ According to Seale, appellant hung on to the side of her vehicle for approximately ten to fifteen feet before letting go.  Seale stated that after she was free of appellant, she looked in her rearview mirror and saw appellant enter the 7-Eleven.  Seale testified at trial that she had no doubt that appellant was the man who attempted to rob her.

**ANALYSIS**

In his second point of error appellant contends that the numerous inconsistencies in the witnesses= testimony render the evidence factually insufficient to support his conviction for aggravated robbery.  Appellant does not challenge the legal sufficiency of the evidence to sustain his conviction.  A review of the factual sufficiency of the evidence begins with the presumption that the evidence is legally sufficient to support the judgment. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  In

such a review, we consider the evidence without employing the prism of Ain the light most favorable to the verdict.@ *Id.* at 129. Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Thus, in conducting a factual sufficiency review of the elements of a criminal conviction, we ask whether a neutral review, both for or against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine the confidence in the jury=s determination or that proof of guilt, although adequate taken alone, is greatly outweighed by contrary proof. *Id.* Further, in conducting our analysis, we recognize that the jury is the sole judge of the weight and credibility of the testimony and we should not substitute our judgment for that of the jury=s. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). To be sure, in a factual sufficiency analysis we defer to the jury=s findings. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Under this standard of review, a decision is not manifestly unjust merely because the jury resolved conflicting evidence in the State=s favor. *Id.* at 410.

Appellant contends that, because there is evidence that at least two witnesses underestimated his height, witnesses misidentified him,[1] the store clerk failed to identify him as the person appearing on the video surveillance, and the investigating officer failed to obtain fingerprints from the crime

---

[1] Price and Herman testified that appellant wore a blue flannel shirt; Seale recalled that the flannel shirt was red and brown. All three, however, testified unequivocally that appellant was the man they saw at the 7-Eleven on October 14. Because we conclude that any inconsistencies between Price=s, Herman=s, and Seale=s testimony fail to establish that the jury=s verdict is manifestly unjust, other than to note that we have considered appellant=s contentions, we do not address further his arguments relating to the inconsistencies in the witnesses= descriptions of appellant.

scene,[2] A[t]here is a reasonable doubt Appellant was the man who committed the Aggravated Robbery, as alleged, and the cause should be reversed and remanded for a new trial.@ Initially, we note that appellant=s contention misconstrues the appropriate standard of review. Assuming, however, that appellant intended to assert that the jury=s verdict is against the great weight and preponderance of the evidence, we cannot agree. The record reflects that after the robbery, Price and Herman identified appellant in a photo lineup containing five other individuals. Both Price and Herman testified at trial that there was no doubt in their minds that appellant was the same person who committed the robbery. Likewise, Seale testified that she was positive that appellant was the same man who placed a gun against her head, ordered her out of her vehicle, and then entered the 7-Eleven.

Although the record reveals that Price and Herman incorrectly estimated his height, it also shows that they both testified unequivocally that appellant was the man who robbed the 7-Eleven. Similarly, Seale=s statement to police shortly after the attempted car jacking that she did not get a good look at her assailant is not necessarily inconsistent with her trial testimony that she was sure appellant was the same man who tried to rob her. Appellant called Maria Lyons to testify as an alibi witness. She recalled that appellant was at her apartment on the evening in question but testified that appellant might have left at some point that

---

[2] Appellant cites no authority for the proposition that an officer=s failure to obtain fingerprints at a crime scene renders a judgment factually insufficient. Because our factual sufficiency review includes a review of *all* of the evidence, our consideration of this contention is subsumed in our analysis of whether the jury=s verdict is manifestly unjust.

evening to go to the store. Lyons also stated that she knew appellant had borrowed a black and red flannel shirt from another of the apartment=s residents. The jury had the opportunity to observe the witnesses= demeanor and credibility, and we cannot say that the evidence of appellant=s guilt is so obviously weak as to undermine the confidence in the jury=s determination of guilt. Thus, after reviewing the evidence in its entirety, we hold that the evidence is factually sufficient to sustain appellant=s conviction for aggravated robbery. Accordingly, we overrule his second issue.

In his first issue, appellant contends that the district court erred, as a matter of law, in granting the State=s first motion for continuance. *See* Tex. Code Crim. Proc. Ann. ' 29.04 (West 1989). We review a district court=s ruling on a motion for continuance for an abuse of discretion. *See Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). Appellant asserts that the State=s motion Afails to show that a subpoena had been issued, that the testimony of the missing witness was material for the State or what diligence had been used by the State to procure the attendance of the witness.@ At the hearing on the State=s motion, however, the State asserted that it used diligence in attempting to procure Herman=s attendance but was unable to locate her, and that as an eyewitness to the robbery, her testimony was material. Appellant never challenged the State=s contentions; instead, he objected to the continuance based on his prolonged incarceration.[3] Such a contention, however, is insufficient to establish that the trial court

_____

[3] Appellant contends in his brief: AWhile not couched in terms of depriving Appellant of a speedy trial, the objection by Appellant to the granting of the State=s Motion for Continuance . . . put the trial court

5

abused its discretion.  Accordingly, we overrule appellant=s first issue.

---

on notice that Appellant was being deprived of his right to have a speedy trial.@ Because appellant did not raise the contention in the court below that the State deprived him of his right to speedy trial, he has waived the issue on appeal.  Tex. R. App. P. 33.1; *see also Barker v. Wingo*, 407 U.S. 514, 532 (1972).

## CONCLUSION

Having overruled appellant=s issues, we affirm the district court=s judgment.



Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 12, 2002

Do Not Publish